# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:13-cv-646-GCM

| | | |
|---|---|---|
| CORY V. ARMSTRONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| MARK D. BARDILL, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se Complaint which alleges that the Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1601 et seq., based on his attempt to collect a disputed debt without first determining the validity of the debt.

Plaintiff attaches what appears to be an email to his Complaint. In this document, the Defendant informs Plaintiff that he is representing the interest of the Scotland County Tax Administrator in Laurinburg, North Carolina, which is the county seat of Scotland County and located within the Middle District. The email states that Plaintiff has failed to pay taxes on real property in Scotland County and that a lien has been placed on the property in order to secure the payment. (Doc. No. 1 at 5). Plaintiff disputes the debt and contends that the Defendant's effort to collect the delinquent taxes is in violation of Federal law.

In his motion to proceed in forma pauperis, Plaintiff avers that he resides in Laurel Hill, North Carolina, which the Court notes is located in Scotland County and within the Middle District. (Doc. No. 2 at 5). The real property that is subjected to the lien is also located in

1

Scotland County and the efforts to collect on the alleged debt appear to have occurred within the state court system in Scotland County. In the summons filed by the Plaintiff, he lists an address for the Defendant in Trenton, North Carolina, which is in Jones County, North Carolina and within the Eastern District (Eastern Division). (Doc. No. 1-2).

Federal law provides that the district court may transfer an action "[f]or the convenience of the parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought . . ." 28 U.S.C. § 1404(a). See also 28 U.S.C. § 1406(a) (providing for transfer of venue on the court's own motion). The Court observes that none of the allegations described in the Complaint appear to have any connection to this district. Based on the record before this Court, it appears that venue is proper within the Middle District because Plaintiff resides in that district; the real property is located in that district; and the lien appears to have been filed in that district. For the foregoing reasons, the Court finds that this matter should be transferred to the Middle District of North Carolina for further proceedings.

**IT IS, THEREFORE, ORDERED** that the clerk of court shall transfer this case to the Middle District of North Carolina.

Following transfer, the Clerk of Court is directed to close this civil case.

Signed: December 10, 2013

Graham C. Mullen
United States District Judge