IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CORY V. ARMSTRONG, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:13CV1140 |
| MARK D. BARDILL, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The instant matter comes before the Court on Defendant Mark D. Bardill's Motion to Dismiss (Doc. #12). For the reasons stated herein, Defendant's instant Motion will be GRANTED.

I.

Plaintiff, proceeding *pro se* and *in forma pauperis* (see Docs. #1, 5), initiated the instant action complaining that Defendant Mark Bardill violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., by attempting to collect a debt for unpaid property taxes and associated amounts owed for "Attorney Fees," "Court Costs," "Service Costs," and "Copy Charge." See Doc. #1 at 5.[1] Defendant filed the instant Motion contending that this action should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim because the FCDPA does not apply to the collection of unpaid property taxes or other obligations imposed by law. See Doc. #13 at 4.

---

[1] Although the Complaint itself fails to reference the nature of the debt, a document attached to the Complaint addresses "Delinquent Scotland County Taxes" for "Parcel #: 040167 02014." See Doc. #1 at 5; see also E.I. du Pont de Nemours & Co. v. Kolon Ins., Inc., 637 F.3d 435, 448 (4th Cir. 2011) (noting that a court may consider documents attached to the complaint in deciding a motion to dismiss without converting it into a motion for summary judgment where the documents are integral to, and explicitly relied on in, the complaint and there is no authenticity challenge).

Subsequent to that filing, the Clerk of Court sent Plaintiff a letter explaining that Plaintiff had "the right to file a 20-page response in opposition to [the instant] motion . . . ." Doc. #14 at 1. That letter cautioned Plaintiff that his "failure to respond or, if appropriate, to file affidavits or evidence in rebuttal within the allowed time may cause the court to conclude that the defendant's contentions are undisputed. . . . [and that,] [t]herefore, unless [he] file[s] a response in opposition to the motion, it is likely [his] case will be dismissed or summary judgment granted in favor of the defendant." Id. Despite these warnings, Plaintiff has made no additional filings with the Court. See Docket Entries dated Mar. 21, 2014, to present.

II.

As an initial matter, the instant action warrants dismissal due to Plaintiff's failure to respond. Under the Local Rules of this Court, failure to respond to a motion generally warrants granting the relief requested. See M.D.N.C. LR7.3(k). Given Plaintiff's silence and the Clerk's explicit warning that a failure to respond to the instant Motion would likely lead to dismissal, no reason exists to depart from that Rule in the instant matter.

Furthermore, the instant matter warrants dismissal because the Complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007)); see also Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir.2009) (plaintiff must articulate facts that "show a plausibility of entitlement to relief") (internal citations and quotations omitted). Although "[a] document filed pro

se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007) (internal citations and quotation marks omitted), such liberal interpretation does not "undermine Twombly's requirement that a pleading contain 'more than labels and conclusions,'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (citing Twombly, 550 U.S. at 555).

"[A] threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt.'" Mabe v. G.C. Servs. Ltd. P'ship, 32 F.3d 86, 88 (4th Cir. 1994). The FDCPA defines a "debt" as:

> any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5). Defendant has provided persuasive authority providing that the property taxes and associated costs of which Plaintiff complains do not arise out of the type of "transaction" contemplated by the FDCPA. See Pollice v. National Tax Funding, 225 F.3d 379, 401 (3d Cir. 2000) ("Simply put, property taxes are not obligations 'arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.'"); Beggs v. Rossi, 145 F.3d 511, 512 (2d Cir. 1998) (addressing personal property tax and noting "[t]here is simply no 'transaction' here of the kind contemplated by the [FDCPA]"); Mabe, 32 F.3d at 88 (finding that child support payments "do not qualify as 'debts' under the FDCPA because they were not incurred to receive consumer goods or services"); Beal v. Himmel & Bernstein, LLP, 615 F. Supp.

2d 214, 217 (S.D.N.Y. 2009) (finding attorney's fee award to ex-wife as a result of post-divorce litigation "not incurred by plaintiff as a consumer to receive goods or services" and not "the result of the rendition of a service or purchase of property or other item of value" and thus not a "debt" under the FDCPA (internal quotation marks and citation omitted)). Accordingly, Plaintiff's FDCPA claim fails.

III.

For the foregoing reasons, Defendant Mark D. Bardill's Motion to Dismiss (Doc. #12) is **GRANTED** and the instant action is **DISMISSED**.

This the 2nd day of September, 2015.

/s/ N. Carlton Tilley, Jr.<br>Senior United States District Judge